**GRIFFITH v. WELS.**

No. 2927.

Court of Civil Appeals of Texas. Waco.

Jan. 11, 1951.

Roy Anderson, Cleburne, for appellant.

Gean B. Turner, Cleburne, for appellee.

TIREY, Justice.

This is a suit (non-jury) for debt evidenced by promissory note. The trial court rendered judgment for defendant. There was no request for findings of fact and conclusions of law and none filed.

Plaintiff assails the judgment of the trial court on three points. They are substantially to the effect (1) that since plaintiff pleaded and proved the execution and delivery of the note in suit and that it had not been paid, judgment should have been rendered for plaintiff; (2) since plaintiff, by amended petition, pleaded the note and an extension of the date of the payment of the note as set out in a letter by defendant to plaintiff, in which defendant acknowledged that he owed the debt, and since defendant failed to file any plea of limitation to the cause of action alleged in the amended pleading, the court should have rendered judgment for plaintiff; and (3) since plaintiff specifically pleaded in haec verba the letter alleged to have been written by defendant to plaintiff under date of June 24, 1947, in his amended pleading on which plaintiff specifically relied for recovery of his debt, and since defendant failed to file verified plea denying execution of such letter set out by plaintiff in his pleading, the court should have received such letter in evidence as having fully established the justness of the debt and defendant's promise to pay, and have rendered judgment for plaintiff. Under the record here made we overrule each of these contentions.

Plaintiff, in his original petition filed October, 1947, specifically pleaded that the defendant executed and delivered his certain promissory note to M. P. Nelson (now deceased), dated January 24, 1930, in the principal sum of $293.24, due on August 1st after date, bearing interest at the rate of ten per cent per annum from date until paid, with the usual provisions as to attorney's fees. He set out the provisions of the note in haec verba. He alleged demand and failure to pay and the amount of the note, interest and attorney's fees, and prayed accordingly.

Defendant filed his original answer in November, 1947, in which he averred:

"1. That it appears therefrom that plaintiff's cause of action as therein stated accrued more than four years before the commencement of this suit, and the same is barred by the Statute of Limitation; and of this he prays judgment of the court.

"2. And for answer herein, if such be necessary, defendant says that plaintiff's cause of action, if any he had, accrued more than four years before the commencement of this suit; and the same is barred by limitation and this he is ready to verify."

This pleading was duly verified.

On January 16, 1950, plaintiff filed his first amended original petition in which he specifically pleaded the execution and delivery of the note by defendant to Nelson as set out in his original petition, and again set out the note in haec verba, and that said note had been extended by the following endorsements on the back of the note:

"January 1, 1939. This note is extended two years.

F. Will Wels."

"7/1/47. Extend the payment of this note to October 1, 1947.

W. Lee Griffith, Exec."

That on the 19th of June, 1947, he wrote defendant requesting the payment of the note aforesaid and that he received a reply from defendant, dated June 24, 1947, written in answer to his letter and set the letter out in full. The pertinent parts of the letter are:

"I received your letter about the note I owed Mr. Nelson.

"I would like for you now to answer this one question for me. Just when was this note renewed?

"Also this is another thing, Mr. Nelson said that I could repay the note when I saw fit and was able, and if I didn't it was allright. Now as Mr. Martin is gone, and I'm quite sure he would still say the same thing and that he would not raise such a row over this, as he was a very good friend of mine.

"Thanking you if you mail us when this note was renewed.

"Sincerely,
Mr. Willie Wels."

Defendant filed no further pleading and went to trial on his original answer.

Appellant tendered the executor as a witness and the executor testified to the effect that the signature on the above letter was not the same signature that appeared on the note. "Q. But you wouldn't say from the signature there that Mr. Wels wrote the letter, would you? A. No. sir."

The defendant was also tendered as a witness and he testified in part that he did not authorize Mr. Griffith, the executor, to place the notation on the note, "7/1/47. I hereby extend the payment of this note to October 1, 1947." He stated that he did sign the extension dated January 1, 1939, and that such extension was the only one he made or authorized to be made. He further testified that he did not write the letter dated June 24, 1947, but that such letter was written by his wife or daughter, and he further said, "I told them not to write it."

It is obvious from the cause of action pleaded in the amended pleading that the note set out therein was barred by the four year statute of limitations, Art. 5527, Vernon's Ann.Civ.Stats., unless the letter dated June 24, 1947 was written by defendant, or by his authority. See Art. 5539, Vernon's Ann.Civ.Stats., and cases there collated. Since the trial judge was the trier of the facts and rendered judgment for defendant, we must presume that he

believed the testimony tendered to the effect that the signature on the letter was not the signature of the defendant, and that defendant did not authorize the writing of the letter. Such testimony having been tendered without any objection, it was ample to support the implied finding of the trial court that plaintiff's asserted cause of action in his amended pleading had no support in the evidence; and since defendant had not abandoned his plea of limitation as set out in the original answer, under such implied finding of the trial court it was his duty to render judgment in favor of defendant. It is true that under the amended pleading filed by appellant, absent a denial under oath, a presumption prevailed that the letter of June 24, 1947 was written by defendant; however, under the evidence adduced, which was tendered without objection, the foregoing presumption vanished.

Accordingly, the judgment of the trial court is affirmed.